IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DANIEL NAZAR**                                     *
                                                     *
                                                     *
                                                     *
        Plaintiff,                                   *
                                                     *
v.                                                   *        **Civil No.  1:17-cv-03444-MJG**
                                                     *
**SHORELINE PROPERTIES, INC.,**                      *
***et. al,***                                        *
                                                     *
        Defendants.                                  *

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND MEMORANDUM IN SUPPORT

Plaintiff Daniel Nazar ("Plaintiff"), and Defendants Shoreline Properties, Inc., Vaughn H. Lynch, and Keti Lynch (collectively "Defendants"), by and through their undersigned counsel, jointly move this Court for the entry of an order approving the Parties' settlement agreement. In support of the motion, the Parties state as follows.

## I.    Introduction

On November 20, 2017, Plaintiff filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et. seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et. seq.*

Over the course of several months, the Parties, through counsel, agreed to extend the deadline for responsive pleadings and engaged in settlement discussions. Counsel exchanged documents and discussed the merits of the case, including the strengths and weaknesses of each party's positions on the claims. The Parties ultimately reached the agreement set forth in Exhibit 1 (the "Settlement Agreement"). Each Party's counsel has explained the settlement and litigation

1

process to their respective clients and undersigned counsel reports that all Parties approve of the Settlement Agreement.

## II.    Legal Argument

Under the FLSA, a private settlement agreement is not valid unless it is either supervised by the United States Department of Labor pursuant to 29 U.S.C. § 216(c) or approved by a Court. *Lynn's Food Stores v. United States*, 679 F.3d 1350, 1353 (11th Cir. 1982). An "FLSA settlement should be approved if the settlement '[reflects] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute.'" *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (quoting *Lynn's Food Stores*, 679 F.3d at 1354). The Court also reviews the reasonableness of the attorneys' fees component of a settlement agreement. *See Kianpour v. Rest. Zone, Inc.*, 2011 U.S. Dist. LEXIS 127865, at *8-10 (D. Md. Nov. 4, 2011) (citations omitted). The Court should approve the Settlement Agreement because it satisfies both factors.

## III.   The Settlement Agreement Should Be Approved.

The first consideration is whether the settlement agreement reflects a reasonable compromise of disputed FLSA issues. *Lane v. Ko-Me, LLC*, 2011 U.S. Dist. LEXIS 97870, at *3-5 (D. Md. Aug. 31, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 12227, 1241-42 (M.D. Fla. 2010)). This Court considers the following factors in reviewing an FLSA settlement:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (*citing Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 30494955, at *10 (E.D. Va. Sept. 28, 2009).

First, the settlement here is a fair and reasonable resolution of the dispute. After being provided sufficient payroll information in order to calculate alleged overtime damages, Plaintiff contends that the amount of unpaid overtime wages for both 2016 and 2017 is $4,421.44. Plaintiff's counsel presented Defendants' counsel with an uncompromised demand of $13,264.33. With liquidated damages under the FLSA, Plaintiff would be owed $8,842.89. The proposed Settlement Agreement sets forth a payment of $9,893.08 to the Plaintiff, with no legal fees paid to Plaintiff's counsel from this amount.[1] Notably, while the Plaintiff is compromising his MWPCL claim (and not seeking treble damages), there is no corresponding requirement that settlements for MWHL or MWPCL be judicially approved. Therefore, Plaintiff submits that the focus on this Motion is on the FLSA claims brought by the Plaintiff, as that claim is the only claim that requires judicial approval.

The Plaintiff thus submits, on the one hand, that he is receiving full relief under the FLSA. The Plaintiff further submits that when an employee is receiving full compensation under the FLSA, a lesser degree of judicial scrutiny is required. *Silva v. Miller*, 307 Fed.Appx. 349, *2 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA is made"); *Crooms v. Lakewood Nursing Cntr., Inc.*, 2008 WL 398933, *1 (M.D. Fla. 2008) ("When the defendant represents that it has offered the plaintiff at least full compensation of his claim, and the plaintiff has not disputed that representation, the

---

[1]        Defendants have made no admissions and expressly deny liability of all claims. See Exh. 1; ¶ 10 of the Settlement Agreement.

case does not involve a compromise and there is no need for judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003). Plaintiff therefore submits that the Court's approval process is complete so long as the Court is satisfied that an FLSA Plaintiff is receiving full relief.[2]

On the other hand, Defendants vigorously dispute Plaintiff's claims and the alleged amount. While no formal discovery has taken place, the parties have exchanged and had the opportunity to review relevant records related to Plaintiff's employment and hours worked. Defendants' main contention is that they paid overtime to the Plaintiff, albeit as part of lump sum payment at the end of each Summer. Defendants further dispute all core issues in the case including the number of overtime hours worked by Plaintiff, whether Plaintiff was paid for all hours worked over 40 hours, whether Plaintiff was paid for all overtime hours at a rate of time-and-a-half, and whether Plaintiff's wages were timely paid. Plaintiff claims that he only received "bonus" payments and not overtime. Defendants strongly dispute that these payments were just "bonus" payments, and contend these payments were both overtime payments and discretionary bonuses.

In light of these factors, risks, and costs, the Parties compromised their claims and defenses in an amount mutually agreed upon. The total settlement amount of $9,893.08 to Plaintiff and $10,500.00 in attorney's fees is reasonable given the *bona fide* disputes regarding the bonus payments to Plaintiff and the number of hours worked by Plaintiff.

---

[2]   The Plaintiff opinion that full and complete relief is being made is based up by the added fact that Plaintiff utilized the services of a forensic accountant (Elana Schulman, CPA/CFE) to calculate potential unpaid minimum wage and/or overtime and spreadsheets were prepared based on the written payroll records that were provided to Plaintiffs. *See Stephens v. Mac Business Solutions*, CBD 15-3057, 2016 WL 3977473, *2 n.2 (D. Md. July 25, 2016) (finding a fair and reasonable FLSA settlement, and reviewing wage calculations prepared by Elana Schulman, CPA/CFE). The summary of the calculation prepared by Ms. Schulman are attached as Exhibit 2.

As to the second factor, the parties are satisfied that they have exchanged ample information, prior to the entry of a Scheduling Order, to reach an informed decision regarding whether to settle this case. The factual disputes regarding hours worked and the disputes related to the bonus payments, among others, would have forced the case through discovery and motion practice. The inherent costs, delays, and litigation risks dictate that settlement is a reasonable approach.

As to the third factor, in negotiating the Settlement Agreement, the Parties engaged in arms-length and good-faith negotiations through their respective counsel. Moreover, prior to the settlement, Plaintiff and his counsel were given the opportunity to review relevant documents related to their wage claims, and to consider the potential value of their claims as well as the strength of Defendants' defenses. For example, Defendants' planned to present evidence and documents regarding the calculations of overtime versus the discretionary bonuses. Plaintiff would have demurred and cited cases supporting a "prompt payment" requirement under the FLSA. *See Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993) *see also Salazar v. Brown*, 1996 WL 302673, *9 (W.D. Mich. Apr. 8, 1996) ("The general rule applied is that a claim under the FLSA accrues at the end of each pay period the payment for which the payment fails to comply with the FLSA."). Based on this review and analysis, and on the basis of his experience in wage-hour actions, Plaintiff's counsel concluded that the proposed settlement provides a fair and reasonable resolution of Plaintiff's claims. Defendants support this result because it eliminates uncertainties and risks of further litigation.

As to the fourth and fifth factor (Plaintiff's counsel's experience and opinion), Plaintiff submits that his counsel has sufficient experience in investigating, litigating, and settling FLSA

claims. Plaintiff's counsel is well equipped to advise Plaintiff, and has advised the Plaintiff as to the suitability of the settlement proposed by the Parties to this case.

As to the sixth factor, a settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.*

Here, Plaintiff's entitlement to unpaid wages and/or the amount of unpaid wages owed by Defendants to Plaintiff was, at all times, in fierce dispute. The parties understood that with starkly different factual positions relating to Plaintiff's receipt of overtime payments versus "bonus" payments, both sides bore a substantial risk that the matter would escalate through discovery, to Summary Judgment and perhaps proceed to Trial.

Moreover, Plaintiff understands that by entering into the Settlement Agreement, and in consideration of the promises made by the Defendants as set forth therein, Plaintiff is agreeing to (i) dismiss his lawsuit with prejudice; and, furthermore (ii) release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that he may have had under the FLSA or otherwise in connection with Plaintiff's employment prior to the date of the Settlement Agreement. Plaintiff further understands and agrees that in exchange for these releases, he is receiving the agreed upon settlement amount as well as Defendants' mutual release of all claims against Plaintiff prior to the date of the Settlement Agreement and Defendants' agreement not to take any retaliatory action against Plaintiff. Plaintiff acknowledges that his decision to settle the lawsuit is voluntarily made of his own accord,

6

without any pressure, coercion or undue influence by anyone. To ensure that the Parties'

Settlement Agreement is valid and enforceable, the parties jointly present the attached Settlement

Agreement for the Court's review and approval.

## IV.   Plaintiff's Fees and Costs Are Reasonable

"[W]here a proposed settlement of FLSA claims includes a provision regarding

attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless

of whether there is any suggestion that a conflict of interest taints the amount the wronged

employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting

*Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that

assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'"

*Lane*, 2011 WL 3880427, at *3 (citation omitted).   The lodestar amount is "defined as a

reasonable hourly rate multiplied by hours reasonably expended."   *Riveros v. WWK*

*Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation

omitted).

The parties have settled Plaintiff's attorney fee and cost demand for $10,500.00, which

the parties agree is a reasonable fee at this stage of the litigation.   This Court has awarded

Plaintiff's counsel, Howard B. Hoffman, the rate of $400.00/hour in at least one case where the

hourly rate was opposed. *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850

(D. Md. Oct. 5, 2016).[3]   This sum includes all fees and costs, which represent reasonable and

---

[3]      Mr. Hoffman graduated with honors from the University of Maryland School of Law in 1999 and was
admitted to the Maryland in 1999. Thus, Mr. Hoffman is in his eighteenth year of being a member of the Maryland
Bar. *See* Exh. 3. The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the
Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman
in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court
overruled vigorous objections to the claimed hourly rate of $400.  Specifically, L.R. Appendix B provides that an
attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate

actual costs and expenses incurred in this action, including Plaintiff's counsel's retention and use of Elana Schulman, CPA/CFE. Plaintiff's counsel has consulted with Plaintiff, investigated his claims, drafted a lawsuit, reviewed documents and communicated with opposing counsel, negotiated a settlement, and participated in the drafting of the Settlement Agreement and this Motion.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

## V.    Conclusion

For the foregoing reasons, the Parties respectfully request that the Court approve their Settlement Agreement and enter an order of dismissal with prejudice. Moreover, in an effort to avoid additional attorneys' fees and costs on both sides, and to expedite the finality of the settlement, the parties jointly request this Court approve this settlement without the need for a hearing.

Respectfully submitted,

_____/s/_____

Howard B. Hoffman (Bar No. 25965)
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
Telephone: (301) 251-3752
Facsimile: (301) 251-3753
Email:  hhoffman@hoholaw.com

*Attorney for Plaintiff*

_____/s/_____

Linda Hitt Thatcher (Bar No. 05039)
Lindsay A. Freedman (Bar No. 12601)
THATCHER LAW FIRM, LLC
7849 Belle Point Drive
Greenbelt, MD 20770
Telephone: (301) 441-1400
Facsimile: (301) 441-9602
Email: lht@thatcherlaw.com
          laf@thatcherlaw.com

*Attorneys for Defendants,
Shoreline Properties, Inc., Vaughn H. Lynch,
& Keti Lynch*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2018, a copy of the foregoing Joint Motion

To Approve Settlement Agreement, along with all Exhibits and other attachments, was filed via

the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of

Maryland, and is available for viewing and downloading from the ECF system.


_____/s/_____
Howard B. Hoffman