**EXHIBIT**
*1*

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this ___ day of March, 2018, by and between Daniel Nazar ("Nazar" or "Plaintiff") and Shoreline Properties, Inc., Mr. Vaughn H. Lynch and Mrs. Keti Lynch (collectively, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

**WHEREAS,** Plaintiff performed maintenance and repair services for Defendants' "Shoreline Properties," and after the relationship was terminated, Plaintiff contended that he was owed unpaid overtime wages;

**WHEREAS,** Plaintiff has pending against Defendants an action in the United States District Court for the District of Maryland, Nazar v. Shoreline Properties, Inc., et al., Case No. Case 1:17-cv-3444-MJG (the "Lawsuit"), alleging unpaid overtime wages under the Fair Labor Standards Act (FLSA), along with state supplemental claims;

**WHEREAS,** Defendants have denied any and all allegations of wrongdoing asserted by Plaintiff, and Defendants maintained that all overtime wages were paid in full;

**WHEREAS,** the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with the Parties' working relationship with each other;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION:** In consideration of Plaintiff's decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiff, the total sum of Twenty Thousand Three Hundred Ninety Three Dollars and 08/100 Cents ($20,393.08), to settle all claims involving Plaintiff's Lawsuit including, but not limited to, claims for unpaid overtime, statutory/liquidated damages, and attorney's fees and costs.

2. **PAYMENTS:** Defendants agree to pay the above settlement amount subject to the following terms and payable as follows:

    a. Within ten (10) business days of approval of this Settlement Agreement by the U.S. District Court, Defendants shall pay the total sum of Twenty Thousand Three Hundred Ninety Three Dollars and 08/100 Cents ($20,393.08), divided in 2 payments delivered by direct wire transfers into accounts designated by Plaintiff and Plaintiff's counsel, the writing instructions for which the Plaintiff and Plaintiff's counsel shall provide to counsel for the Defendants upon execution of this Settlement Agreement and made as follows:
       i. Nazar: Nine Thousand Eight Hundred Ninety Three U.S. Dollars and 08/100 Cents ($9,893.08 USD), in one wire transfer payment to Nazar in U.S. Dollars.

      ii.    <u>Howard B. Hoffman, Attorney at Law</u>: Ten Thousand Five Hundred U.S. Dollars ($10,500.00 USD) in one wire transfer payment to Plaintiff's counsel in U.S. Dollars.

  b.    Defendants agree that they will send each of the payments set forth in sub-paragraph 2(a) so that they are received on or before the day on which the payment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day on which the payment is due). The Parties agree and acknowledge that no payment will be made until the Court has approved this Agreement.

  c.    For tax purposes, the payment to Plaintiff pursuant to paragraph 2(a)(i) shall be treated as liquidated/statutory damages and interest and shall be paid without any withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3 for the year in which it is paid. The payment to Howard B. Hoffman, Esquire shall represent reimbursement for attorney's fees and costs paid pursuant to this Settlement Agreement, and shall be paid without withholding and shall be reported to the IRS under Howard B. Hoffman, Attorney at Law's Federal Employer Identification Number, on an IRS Form 1099, box 14, for the year in which it was paid.

  d.    So that the Defendants may issue IRS 1099 Forms reflecting all payments made under this Settlement Agreement, both Howard B. Hoffman, Esquire and Plaintiff shall provide Defendants' counsel, Lindsay Freedman, Esquire, at the time that Plaintiff executes this Settlement Agreement, an executed IRS Form W-9 which shall accurately provide their taxpayer identification numbers.

3.    **ADMISSION**: Plaintiff agrees that following receipt of this payment, that Defendants have paid all sums earned by and owed to them including, but not limited to, all salary, tips, bonuses, wages (*including minimum wages*), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and other benefits and perquisites as a result of his alleged employment with Defendants and/or his separation from such alleged employment, and further acknowledge that the payments under this paragraph 2 are in full payment of anything of value to which he would be entitled under any policy, plan or procedure of Defendants. Plaintiff also expressly waives any right or claim that he may have or may assert to employment or reinstatement to employment, or to payment for salary, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

4.    **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE:** Upon full execution of this Agreement, Plaintiff's counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion is attached to this Agreement as Exhibit A. The

2

Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement and dismiss this case with prejudice. The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and of no legal effect. In the event that the Court does not approve this Agreement, or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify this Agreement in a form acceptable to both the Parties and the Court.

   **5. FULL AND FINAL RELEASE:** Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiff's counsel by Defendants, Plaintiff, for himself, and for his respective attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants including, as applicable, all Defendants' heirs, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their and their successors, assigns, officers, owners, supervisors, members (including but not limited to Mr. Vaughn H. Lynch and Mrs. Keti Lynch), agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either as a result of the cessation of Plaintiff's alleged employment or otherwise, any and all claims alleging wrongful termination, the failure to pay wages (including the minimum wage), improper deductions for housing, the failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

     a. This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

3

b. Plaintiff expressly waives any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

c. Plaintiff represents that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which he had, has or may have against Releasees.

6. **"NON-PUBLICITY:** Plaintiff will not seek or encourage any media outlet to publicize this Lawsuit, this Settlement Agreement or the settlement amount and will not blog, issue a press release, or post on any website any statements or information concerning the Lawsuit, Settlement Agreement, or settlement amount."

7. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement including, but not limited to, the General Release and Non-Publicity obligations, is intended to, or will, preclude Plaintiff from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Plaintiff agrees and acknowledges that he is waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiff is entitled regarding anything occurring on or before the date on which he signs this Agreement, including anything regarding his employment with the Defendants and/or the termination of that relationship.

8. **NO OTHER CLAIMS:** Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants (or any Releasee) with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of himself or others, at any time for actions taken up to and including the date Plaintiff executes this Agreement. Plaintiff waives all collective and/or class allegations and, if filed, agrees to dismiss same with prejudice, and neither Plaintiff, nor his attorney, shall amend this lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

4

9. **TAX CONSIDERATIONS RELATED TO CONSIDERATION:** Defendants make no representation regarding the tax consequences or liability arising from the payments made under this Agreement. Plaintiff understands and agrees that any and all tax liabilities that may be due or become due because of the payments are the sole responsibility of Plaintiff, and that any such taxes will be paid by Plaintiff that may be due or become due. Plaintiff agrees to bear all tax consequences, if any, attendant upon the payments as recited above in Paragraph 2. Plaintiff agrees to indemnify and hold Defendants harmless from and against tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the payments recited in Paragraph 2.

10. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT:** This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation. The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency.

11. **GOVERNING LAW/VENUE:** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Worchester County, Maryland, and for venue shall be within the State of Maryland for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payments under paragraph 2, which may be enforced in the United States District Court for the District of Maryland.

12. **SOLE AND ENTIRE AGREEMENT:** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

13. **NO OTHER PROMISES:** Plaintiff affirms that the only consideration for Plaintiff signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiff by any person or entity to persuade or cause Plaintiff to execute this document, and that Plaintiff fully understands the meaning and intent of this Agreement including, but not limited to, its final and binding effect.

14. **LEGALLY BINDING AGREEMENT:** Plaintiff understands and acknowledges that upon Court approval of this Agreement (a) that this is a legally binding release contingent upon Court approval of this Agreement; (b) that by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Paragraph 5 and Paragraph 6 above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiff, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

5

15. **CONSTRUCTION:** This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

16. **HEADINGS:** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

17. **AGREEMENT IS KNOWING AND VOLUNTARY:** Plaintiff further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence him to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and only its English interpretation shall apply to the Agreement and shall be binding upon the parties. Plaintiff represents and warrants that he has fully discussed this Agreement with his attorney, has consulted with a translator of his choosing (if Plaintiff deems translation to be necessary and/or desirable), and that all terms are understood and that the execution of this Agreement is completely voluntary.

6

18. **ELECTRONIC SIGNATURES/COUNTER-PARTS**: Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| Date: 3/5/2018 | DocuSigned by: *Daniel Nazar* —6F7BC4924AFA416... Daniel Nazar |
|---|---|
| Date: 3-5-18 | For: Shoreline Properties, Inc. and himself, individually By: *[signature]* Name: Vaughn H. Lynch Title: President |
| Date: 3/5/2018 | By: *[signature]* Name: Keti Lynch |

7