EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL NAZAR | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:17-cv-03444-MJG |
| SHORELINE PROPERTIES, INC., *et. al*, | * | |
| Defendants. | * | |

## DECLARATION OF HOWARD B. HOFFMAN

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I serve as counsel to the Plaintiff, Daniel Nazar, in the above-referenced matter.

2. I am an attorney in private practice, and I concentrate on employment law. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since December 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland,[1] and the U.S. District Court for Eastern District of Virginia. I have extensive experience prosecuting and defending wage and hour cases and other employment law cases. I opened my own firm in 2002.

3. I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing). I have been a member of the Maryland

bar since December 1999 and this Court since January 2000. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002. Together with Bradford Warbasse, Esq., I was asked to speak at a seminar in December 2012, for Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. Most recently, I received the honor of being designated a "SuperLawyer"® in Maryland employment law.

4. I have extensive experience in prosecuting and defending wage and hour lawsuits, and that makes me rather uniquely qualified to provide this Declaration. Many of the well-known reported decisions in the District of Maryland addressing overtime and minimum wage rights, are cases that I have either prosecuted (represented the employee) or defended (represented the employer). These notable and widely cited decisions include, but are not limited to: Rose v. New Day Financial, et al., 816 F.Supp.2d 245, 2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to compel class-waiver arbitration granted); Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); Williams et al. v. ezStorage Corp., 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional certification of FLSA collective action on behalf of employees); Gionfriddo et al. v. Jason Zink, LLC, et al., 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); Dorsey et al. v. The Greene Turtle Franchising Corp., 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of

---

[1] I gained admission to this Court in January 2000.

conditional certification of FLSA collective action); Williams et al. v. Long (d/b/a "Charm City Cupcakes"), 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case); Dorsey et al. v. TGT Consulting, LLC, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); Saman v. LDBP, Inc., 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case). Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

5. I have not charged (and will not charge) the Plaintiff in this case for any of the costs or fees that have been incurred in this case. No contingency fee is being charged to the Plaintiff.

6. I can certify to the Court that this settlement is fair and reasonable. No part of the overtime claim of the Plaintiff has been compromised. I can say with definiteness that Plaintiff is receiving over 200% of the value of his overtime claim with a "three year look back" period. This is the maximum recovery allowed under the FLSA. To calculate the Plaintiffs' losses, I hired an expert witness, Elana Schulman, CPA/CFE, whose work has been recognized by this Court. See Mould v. NJG Food Services, Inc., et al., JKB 13-1305, 2013 WL 6331286, *17 (D. Md. Dec. 4, 2013) (Bredar, J.) (Observing in an FLSA case, "[t]he Court agrees with the general principle behind Ms. Schulman's calculation."). A true and correct copy of Ms. Schulman's calculation summary is attached as Exhibit 2

to the Joint Motion To Approve Settlement Agreement.

7. I have reviewed the pertinent provisions of the Settlement Agreement, and the Plaintiff is supportive of the settlement outcome in this case and requests that the Court enter an Order approving this settlement.

8. My hourly rate in this matter is $400.00/hour, Over a year ago, I was awarded $400/hour in Jackson et al.v. Egira, LLC, et al., RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016) (Bennett, J.). Judge Bennett awarded this hourly rate over the objections of defense counsel.

17. I am requesting that the Court value my time at a rate of $400.00 an hour in this case, although the effective hourly rate is lower as I have discounted my legal fees and costs in the interest of settlement. I think this rate is consistent with the revised Lodestar Guidelines adopted by the U.S. District Court, especially for an attorney who regularly handles precedent-setting decisions, whose work attracts and receives media attention, and who regularly speaks on employment law topics, including to fellow attorneys. The complexity, duration, and skill required in this case deserve a rate of $400.00.

**DECLARANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing are true and correct.

_____
Howard B. Hoffman, Esq.

March 6, 2017